UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANNETTE KUGLITSCH, et al.,

    Plaintiffs,

v.

                            Case No. 25-CV-1970

DOUGLAS HAAG,

    Defendant.

## JOINT RULE 26(f) REPORT ON DISCOVERY PLANNING CONFERENCE

Plaintiff Peter Bernegger, acting on behalf of all Plaintiffs, and Jordan M. Schettle, Counsel for Defendant Douglas Haag, having conferred pursuant to Fed. R. Civ. P. 26(f), submit the following joint report pursuant to the Court's Notice of Hearing dated December 16, 2025 (ECF 3), in anticipation of the Court's Rule 16(b) telephonic scheduling conference set for 9:00 a.m. on January 16, 2026.

**1.    Nature of the Case.**

Plaintiffs Annette Kuglitsch and Peter Bernegger allege that at the October 30, 2024 Milwaukee Board of Election Commissioners meeting, Defendant Douglas Haag failed to properly review Plaintiffs' submitted voter challenge evidence, publicly disparaged Plaintiffs, and acted arbitrarily when voting to deny Plaintiffs' voter challenge. Subsequently, the Milwaukee Board of Election Commissioners voted to deny Plaintiffs' challenge to the voter roller.

Defendant denies the allegations and any liability and asserts he has acted lawfully.

**3. Any related cases.**

There are no related cases pending between the Parties.

**4. Issues to be resolved at trial.**

I. Factual Issues

a. Whether Defendant acted arbitrarily when reviewing Plaintiffs' submitted voter challenge evidence.

b. Whether Defendant defamed Plaintiffs' due to his comments at the October 30, 2024 meeting.

c. Whether Defendant violated Plaintiffs' rights under the First and Fourteenth Amendments of the United States Constitution as each relates to 42 U.S.C. §1983.

d. Whether and to what extent Plaintiffs suffered damages as a result of Defendant's alleged violation of Plaintiffs' constitutional and civil rights.

II. Legal Issues

a. Legal issues relating to the elements of Plaintiff's claims.

**5. Whether pleadings will be amended and whether Parties will be joined.**

At this time, no amendments are currently planned. Any amendment will be governed by Fed. R. Civ. P. 15 and the deadline of January 30, 2026, subject to modification by stipulation or Court order for good cause, including in response to any Rule 12 motion or facts learned in discovery.

**6. Motions.**

Defendant anticipates bringing a motion to dismiss regarding all claims raised

against him. Plaintiffs reserve all rights to respond and, if appropriate, to seek leave to amend consistent with Rule 15 and any scheduling order.

7. **Estimated length of trial.**

A jury trial has been requested. It is anticipated that trial will last three days.

8. **Any other matter affecting the just, speedy, and inexpensive disposition of this case.**

The Parties are aware of none at this time.

## PROPOSED SCHEDULE

9. **Rule 26(a) Initial Disclosures.**

The Parties suggest changes in regard to Rule 26(a) disclosures. Both Parties will make initial disclosures by March 1, 2026.

10. **Witness Disclosures.**

The Parties suggest that the Parties shall make all witness disclosures required under Rule 26(a)(2) as follows:

   I. **Plaintiff** shall disclose all witnesses, including with respect to each retain expert witness, a written report pursuant to Rule 26(a)(2)(B) on or prior to at least 90 days before the trial date or the date is to be ready for trial.

   II. **Defendant** shall disclose all witnesses, included with respect to each retain expert witness, a written report pursuant to Rule (a)(2)(B) on or prior to at least 30 days after Plaintiff's Witness Disclosures.

11. **Close of Discovery**.

The Parties shall complete all discovery by June 30, 2026. All requests for

discovery, including all notices and subpoenas for depositions, must be served upon all adverse Parties, as well as any applicable third party, with sufficient time to permit all responses to be served and all depositions to be taken before this deadline.

12. **Dispositive Motions**.

Defendant suggests that the Parties shall file all dispositive motions by July 31, 2026. Any responses in opposition to such to such motion shall be filed within 30 days after the filing of the motion. Any reply in support of any such motion shall be filed within 20 days after the filing of the response.

13. **Mediation Deadline**.

Any mediation of this matter, if required by this Court, shall be completed by May 31, 2026.

14. **Pretrial Disclosures**.

The Parties shall make all pretrial disclosures required under Rule 26(a)(3) pursuant to the default deadline in Rule 26(a)(3)(B), "at least 30 days before trial."

15. **Pretrial Objections**.

The Parties shall make all pretrial objections permitted under Rule 26(a)(3) pursuant to the default deadline in Rule 26(a)(3)(B), "[w]ithin 14 days after they [i.e., the pretrial disclosures required under Rule 26(a)(3)] are made."

**RULE 26(f)(3) DISCOVERY PLAN**

16. **Discovery Plan**.

Defendant submits the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. 26(f)(3)(A) – (F):

I. **Rule 26(a) Disclosures**. Please see the proposed schedule above.
  II. **Scope of Discovery**. Please see the proposed schedule above. The Parties anticipate discovery on all claims and defenses, including all issues of liability and damages. The Parties do not believe limited or phased discovery would be time- or cost-effective, or otherwise appropriate. The Parties anticipate that discovery will include written interrogatories, requests for production, requests for admissions, and depositions of the Parties, lay witnesses, and expert witnesses.

17. **Electronically Stored Information**.

Electronically stored information be produced in its native format as used in the usual course of business, unless the Parties stipulate to a different system. The Parties agree to preserve from any alteration or destruction all electronically stored information, including all electronically stored "communications" and "documents," as defined in Civ. L.R. 26(d)(1)(A)–(B), which pertains to any claim or defense, injury or damage, or evidence or witness, identified in this case.

18. **Limitations on Discovery**.

The Parties do not propose any changes to the limitations on discovery that are set forth by the Federal Rules or Local Rules; provided, however, that the Parties consent to service of discovery solely by electronic mail.

19. **Discovery Dispute**.

In the event that a dispute arises during discovery, The Parties agree to meet

and confer in good faith to resolve the dispute pursuant to Civil L. R. 37. If in such good faith, the dispute cannot be resolved by the Parties, the Parties will request a pre-motion conference with the Court before filing any motion to compel.

**20.     Mediation and Settlement**.

The Parties will engage in mediation in good faith with the other Party should the Court order the Parties to mediate.

**21.     Electronic Service**.

The Parties suggest that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Dated:       January 9, 2026

*Electronically signed by*                    */s/Annette Kuglitsch_____*
                                              ANNETTE KUGLITSCH
                                              316 E. Wabash Ave
                                              Waukesha, WI 53186
                                              *Plaintiff*

*Electronically signed by*                    */s/Peter Bernegger_____*
                                              PETER BERNEGGER
                                              1806 Brynnwood Trace
                                              New London, WI 54961
                                              *Plaintiff*


*Electronically signed by*                    */s/ Jordan M. Schettle____*
                                              JORDAN M. SCHETTLE
                                              State Bar No. 1104571
                                              TYLER M. HELSEL
                                              State Bar No.: 1103366

841 North Broadway, 7th Floor
Milwaukee WI 53202
Phone: (414) 286-2601
Fax: (414) 286-8550
Email: jschet@milwaukee.gov
tyhels@milwaukee.gov
*Attorneys for Defendants*