**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

JOE NOLAN, JUSTIN GAVERY, and
PETER BERNEGGER,

Plaintiffs,

v.

Case No. 25-CV-1970

CITY OF MILWAUKEE, DOUGLAS HAAG,
KATHRYN Z. BLOCK, PATRICIA RUIZ-CANTU, and
TERRELL MARTIN,

Defendants.

---

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

---

NOW COME the Defendants City of Milwaukee, Douglas Haag, Kathryn Z. Block, Patricia Ruiz-Cantu, and Terrell Martin (collectively, the "City Defendants"), by and through their counsel, and move this Honorable Court to dismiss this suit in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs' Second Amended Complaint (SAC) fails to state a plausible claim for relief.

More particularly, the Court should dismiss each count of Plaintiffs' SAC for the following reasons:

1. Count I alleges that the City Defendants violated Plaintiff's right to procedural due process by failing to adjudicate their purported "list-maintenance" elector challenge pursuant to Wis. Stat. § 6.50(3). (ECF No. 33, ¶¶ 126-138). Procedural due process rights only arise in conjunction with recognized property or liberty interests. *Minch v. City of Chi.*, 486 F.3d 294, 302 (7th Cir. 2007). Because no court has previously found that Wis. Stat. § 6.50

establishes a personal entitlement to bring or maintain 'list-maintenance' elector challenges, the Fourteenth Amendment's procedural guarantees do not apply.

2. Count II alleges that the City Defendants violated Plaintiff's First Amendment Rights by foreclosing their right to petition and/or retaliating against them for petitioning. (ECF No. 33, ¶¶ 139-146). Plaintiffs have not alleged a colorable Petition Clause injury because the SAC admits they were not denied access to MEC, and MEC's response could not have created a constitutional injury because Plaintiffs were not entitled to any response. *Wis. Voter All. v. Millis*, 166 F.4th 627, 636 (7th Cir. 2026). The SAC likewise lacks factual allegations that plausibly support Plaintiffs' retaliation claim.

3. Count III alleges that Plaintiff Bernegger has Article III standing to bring these claims based upon the "stigma-plus" theory of standing recognized in *Paul v. Davis*, 424 U.S. 693 (1976) and *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603 (7th Cir. 2002). (ECF No. 33, ¶¶ 147-153). The Fourteenth Amendments' procedural guarantees only apply to protected property or liberty interests, *see Minch*, 486 F.3d at 302, and it is well-settled that plaintiffs do not have a property interest in procedures themselves. *Shvartsman v. Apfel*, 138 F.3d 1196, 1199 (7th Cir. 1998). Plaintiffs' reliance upon *Paul v. Davis*, 424 U.S. 693 (1976) and *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603 (7th Cir. 2002) is misplaced because these cases merely recognize that where the plaintiff has a protected liberty interest the scope of damages may include reputational harm. Bernegger lacks standing because Wis. Stat. § 6.50 does not confer a property or liberty interest in bringing or maintaining 'list-maintenance' challenges.

4. Count IV alleges a class-of-one equal-protection claim because MEC treats USPS-data collected by private actors differently than data collected by government actors. (ECF No. 33, ¶¶ 154-159). A plaintiff must allege facts that plausibly support findings that (1) he or

she was intentionally treated differently than similar others, and (2) no rational basis justified this difference to make out a class-of-one equal protection claim. *Reget v. City of Lacrosse*, 595 F.3d 691, 695 (7th Cir. 2010). Plaintiffs' SAC fails to carry its burden as to either prong.

5. Count V alleges that the City of Milwaukee is directly liable because the City's decision to deny their 'list-maintenance' petition was unconstitutional, it's practice of considering all privately brought elector challenges under Wis. Stat. § 6.48 was unconstitutional, and City policymakers were deliberately indifferent by failing to train and/or supervise local election officials to consider 'list-maintenance' challenges under Wis. Stat. § 6.50. Plaintiffs lack standing to challenge MEC's decision denying their challenge. *Bost v. Ill. Bd. of Elections,* 114 F.4th 634, 640 (7th Cir. 2024) (rejecting a vote-dilution theory of standing), *rev'd on other grounds,* 223 L.Ed.2d 357, 359-360 (2026). Moreover, insofar as no court has previously recognized a private right of action to challenge electors pursuant to Wis. Stat. § 6.50, Plaintiffs cannot show that the City should have known its policy of treating individual elector challenges under § 6.48 was unconstitutional or consciously disregarded a risk thereof.

6. Count VI alleges that the City Defendants conspired to deprive Plaintiffs of their constitutional rights. (ECF No. 33, ¶¶ 166-171). Civil Conspiracy under 42 U.S.C. § 1983 requires (1) an agreement to deprive the plaintiff of his constitutional rights, and (2) acts in furtherance that actually did deprive him or her of their rights. *Daugherty v. Harrington*, 906 F.3d 606, 612 (2018). Plaintiffs cannot allege a plausible civil conspiracy because they cannot show any deprivation of rights occurred.

7. In the alternative, the individual defendants are entitled to qualified immunity. To defeat qualified immunity, a plaintiff must plausibly allege that an official violated a clearly

established statutory or constitutional right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Because no court, anywhere, has ever recognized that Wis. Stat. § 6.50 creates an individual right of action to bring or maintain 'list-maintenance' challenges under state law, Plaintiffs cannot plausibly show that they were denied a clearly established right at any relevant time.

WHEREFORE, this Honorable Court should GRANT Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiffs' Second Amended Complaint in its entirety, with prejudice.

Dated at Milwaukee, Wisconsin on this 28th day of May, 2026.

EVAN GOYKE
City Attorney

***Electronically signed by:***

/s/ Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
Email: cmuche@milwaukee.gov
TYLER M. HELSEL
Assistant City Attorney
State Bar No. 1103366
Email: tyhels@milwaukee.gov
JORDAN M. SCHETTLE
Assistant City Attorney
State Bar No. 1104571
Email: jschet@milwaukee.gov

*Attorneys for Defendants*

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel: (414) 286-2601
Fax: (414) 286-8550

**Federal Rule Civil Procedure ("Fed. R. Civ. P.") 56(c) Procedures**.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**Fed. R. Civ. P. 56(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

**Fed. R. Civ. P. 56(e) Failing to Properly Support or Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

**<u>Civil Local Rule (hereinafter "Civil L. R.") 56(a) Summary Judgment</u>**

**(a) Pro Se Litigation.**

**(1)** If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:

**(A)** The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

**(B)** In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c), (d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

**(2)** This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

**(b)** **Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

**(1)** **Moving Party's Principal Materials in Support of Motion**. With each motion for summary judgment, the moving party must file:

**(A)** a memorandum of law;

**(B)** a statement setting forth any material facts to which all parties have stipulated;

**(C)** a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law:

(i) the statement shall consist of short numbered paragraphs, each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the

record, and other supporting materials relied upon to support the fact described in that paragraph;

(ii) a moving party may not file more than 150 separately numbered statements of fact;

(iii) failure to submit such a statement constitutes grounds for denial of the motion; and

**(D)** any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(2)** **Opposing Party's Materials in Opposition**. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

**(A)** a memorandum of law;

**(B)** a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact; and

**(C)** any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

**(3)** **Moving Party's Materials in Reply.** A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above

**(A)** a reply memorandum;

**(B)** a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

(C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

(4) **Effect of Uncontroverted Statements of Fact.** The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

(5) **Stipulated Facts.** Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

(6) **Citations to Facts in Memoranda.** Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

(7) **Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact.** A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

(8) **Length of Memoranda.**

(A) A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

(B) No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

(9) **Collateral Motions.** Collateral motions, such as motions to strike, are disfavored.

**Civil L. R. 7. Form of Motions and Other Papers**

(a) **Form of Motion and Moving Party's Supporting Papers.** Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

(1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

(2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) **Non-Moving Party's Response.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed

within 21 days of service of the motion. Failure to respond to the motion may result in the Court deciding the motion without further input from the parties.

**(c)** **Reply.** For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

**(d)** **Sanction for Noncompliance.** Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

**(e)** **Oral Argument.** The Court will hear oral argument at its discretion.

**(f)** **Length of Memoranda.** Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

**(g)** **Modification of Provisions in Particular Cases.** The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

**(h)** **Expedited Non-Dispositive Motion Practice.**

**(1)** Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited NonDispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

**(2)** The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the

issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

**(3)** The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

**(i)** **Leave to file paper.** Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

**(j)** **Citations.**

**(1)** With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions.

**(2)** If a party cites an unreported opinion, decision, order, judgment or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

**(3)** Service of Copies on Pro Se Parties. If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition on pro se parties regardless of whether it is available in a publicly accessible electronic database.

**(k)** **Notice of Supplemental Authority.** If pertinent and significant authorities relevant to an issue raised in a pending motion come to a party's attention after a party's final brief on the motion has been filed, the party may file a Notice of Supplemental Authority, attaching the new authority, without leave of the court. The Notice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant.