UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



U.S. District Court
Wisconsin Eastern

**JUL 0 8 2026**

FILED
Clerk of Court

JUSTIN GAVERY et al.,

Plaintiffs,

v.

Case No. 2:25-cv-01970-WCG

CITY OF MILWAUKEE et al.,

Defendants.

## PLAINTIFFS' LIMITED SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

1. Plaintiffs submit this Limited Sur-Reply solely to address matters first raised in Defendants' Reply (ECF No. 40): (i) the new binding-admissions theory that the Second Amended Complaint (SAC) contradicts itself; (ii) the new argument that the hearing transcript blatantly contradicts Plaintiff Bernegger's stigma-plus claim and standing; (iii) the new qualified immunity authorities; (iv) the new recasting of the class-of-one comparator; and (v) the Reply's new threshold frivolousness authorities. Plaintiffs do not relitigate matters already briefed in ECF No. 38, and brief citation corrections appear in Part V.

I. The Reply's New Binding-Admissions Theory Mistakes a Single Consistent Factual Narrative for a Contradiction.

2. The Reply argues that it simply cannot be the case that MEC both convened a formal,

adjudicatory hearing to consider Plaintiffs' list-maintenance submission on their proposed terms and identified at the outset that the proceedings would be governed by Wis. Stat. section 6.48, and that the SAC therefore pleads itself out of court. Reply at 2-4. There is no contradiction, and the theory fails on three independent grounds.

3. First, the adjudicatory character of the March 26, 2025 proceeding comes from the statute Defendants themselves invoked. Under Wis. Stat. section 6.48(2)(b), objectors shall be examined, under oath, by the commissioners and testimony taken; judgment rests with the board of election commissioners; decisions shall be rendered as soon as heard; and all cases are heard and decided summarily. Whatever framework the Commission announced, what it convened was a sworn, evidence-receiving, decision-rendering proceeding. The SAC alleges that Defendants imposed a knowingly inapplicable framework within that proceeding and predetermined its outcome. SAC paragraphs 8-12, 91-92. Announcing the wrong rules for a hearing and holding the hearing are not inconsistent events; they are sequential steps in the same course of conduct. The Reply's own footnote confirms the coherence of that narrative: it concedes that MEC is a local election board, that is, a board of election commissioners. Reply at 6 n.1 (citing *State ex rel. Zignego v. Wisconsin Elections Commission*, 2021 WI 32, 396 Wis. 2d 391). *Zignego* held that the list-maintenance duties of Wis. Stat. section 6.50(3) rest with municipal election officials, not the state commission, and section 6.50(3) directs that the municipal clerk or board of election commissioners shall act upon reliable information that an elector has changed residence. Plaintiffs therefore petitioned the very body the statute charges with acting on such information; that body's answer, convening a section 6.48-styled adjudication and then allegedly predetermining its outcome, is one continuous course of conduct, not a contradiction. The Federal Rules require no more at the pleading stage,

and Defendants' own authority says so: pleading rules do not tolerate factual inconsistencies, but they *do permit inconsistencies in legal theories. Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008) (citing *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999)). *Tamayo* itself reversed a Rule 12(b)(6) dismissal. Accord Fed. R. Civ. P. 8(d)(2)-(3); *Peterson v. McGladrey & Pullen, LLP,* 676 F.3d 594, 597 (7th Cir. 2012); *Alper v. Altheimer & Gray,* 257 F.3d 680, 687 (7th Cir. 2001).

4. Second, the Reply concedes the very fact it claims is negated. It states that the only Due Process issue presented is whether MEC's hearing pursuant to Wis. Stat. section 6.48 was constitutionally adequate, and that MEC afforded Plaintiffs all of the process due under the circumstances. Reply at 8-9. A brief cannot concede that a hearing was convened and defend its adequacy while simultaneously seeking dismissal on the theory that no adjudicatory proceeding was convened at all. Once the concession is made, the dispute is about the genuineness of the hearing, which is precisely what the SAC pleads and precisely what cannot be resolved on the pleadings.

5. Third, once a hearing is convened, due process requires that it be genuine. A hearing must be a real one, not a sham or a pretense. *Ciechon v. City of Chicago,* 686 F.2d 511, 517 (7th Cir. 1982); accord *Doe v. Purdue Univ.*, 928 F.3d 652, 663-64 (7th Cir. 2019) (reversing dismissal where decisionmakers had not read the investigative report, suggesting guilt was decided on the accusation rather than the evidence); *Levenstein v. Salafsky,* 164 F.3d 345, 351 (7th Cir. 1998) (allegations that procedures were a sham through and through survive a motion to dismiss); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 762 (7th Cir. 1999) (fundamentally biased process is not due process; a plaintiff with evidence that the decision has already been made and any hearing would be a sham is entitled to go forward); *Withrow v. Larkin,* 421 U.S. 35, 46-47

(1975) (a fair trial in a fair tribunal is a basic requirement of due process, and a biased decisionmaker is constitutionally unacceptable). The Reply's assertion that a predictable outcome does not mean an unconstitutionally prejudged one, Reply at 9, joins issue on a factual question. The SAC does not plead predictability; it pleads pre-announcement of the denial on the record before deliberation, followed by a closed session and a post-hearing admission that the evidence was never intended to be reviewed. SAC paragraphs 91-96. On this motion those allegations are taken as true.

6. The Reply's remaining authorities set standards it cannot meet. *Jackson v. Marion County*, 66 F.3d 151 (7th Cir. 1995), the Reply's lead binding-admissions authority, held that the complaint against the county should not have been dismissed for failure to allege the ground of its liability in sufficient detail. 66 F.3d at 154; see id. at 152-53 (a complaint charging a governmental entity with direct misconduct is adequate without any series of bad acts) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)). Its plead-out principle applies only where the alleged facts show the plaintiff has no claim, id. at 153-54, which paragraphs 3 through 5 demonstrate is not the case here. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016), which itself reversed a dismissal, permits dismissal only where the complaint's allegations unambiguously establish all the elements of the defense. *Atkins v. City of Chicago*, 631 F.3d 823, 828 (7th Cir. 2011), expressly confirms that alternative pleading is permissible, and its plausibility discussion addresses conclusory or fantastic allegations, not a detailed, dated, transcript-corroborated factual narrative like the SAC's.

7. The Reply's threshold framing also newly invokes the vocabulary of frivolousness, citing *Hoskins v. Poelstra*, 320 F.3d 761 (7th Cir. 2003), *Denton v. Hernandez*, 504 U.S. 25 (1992), and

*Hutchinson ex rel. Baker v. Spink,* 126 F.3d 895 (7th Cir. 1997). Reply at 1-2. *Denton* and *Hutchinson* apply the in forma pauperis frivolousness standard of 28 U.S.C. § 1915, and *Hoskins* addresses the related power to dismiss frivolous suits sua sponte. The Supreme Court in *Denton* explained that the in forma pauperis frivolousness standard confers a power judges <u>do not</u> possess under Rule 12(b)(6): when a complaint raises an arguable question of law, dismissal on Rule 12(b)(6) grounds may be appropriate after full analysis, but dismissal on the basis of frivolousness is not. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *Denton,* 504 U.S. at 32-33 (section 1915, unlike Rule 12(b)(6), permits the court to pierce the complaint's factual allegations, and even then a complaint may not be dismissed simply because the court finds the allegations unlikely). The choice of authority is also telling. *Hoskins* reversed the sua sponte dismissal of a pro se civil rights suit against City of Milwaukee officials, defended by the same City Attorney's office, holding that Rule 8 does not require, or permit district judges to require, fact pleading, and that in pleading a conspiracy it is enough to indicate the parties, general purpose, and approximate date. 320 F.3d at 763-64 (quoting *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002)). *Hutchinson* likewise reversed the dismissal in relevant part while confirming that complaints need not plead facts and that states of mind may be averred generally. 126 F.3d at 899-900.

## II. The Transcript Does Not Blatantly Contradict Bernegger's Claim or His Standing.

8. The Reply newly argues that the transcript (ECF No. 15-2) blatantly contradicts the allegation that any Defendant referred to Bernegger or his work product, and that Bernegger lacks standing because he did not attend the transcribed hearing. Reply at 4-5. This misapplies the exhibit rule and misreads the pleading.

9. An exhibit overrides allegations only when it incontrovertibly contradicts them. *Bogie v.*

*Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013) (when an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls). Attaching a document does not require a plaintiff to adopt every word within the exhibit as true. *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 455 (7th Cir. 1998). The incorporation doctrine is a narrow exception, not a license to convert a motion to dismiss into a trial on one exhibit. *Levenstein,* 164 F.3d at 347.

10. The transcript records a single proceeding: the March 26, 2025 hearing. SAC paragraph 91. The SAC pleads the discrediting of Bernegger's identified TITAN work product as a course of conduct that also includes the October 30, 2024 hearing, for which no transcript appears in the record, the written submissions that identified TITAN and its proprietor to the Commission, statements by Defendants Martin, Ruiz-Cantu, Block, and Gutierrez, and ensuing press coverage. SAC paragraphs 12, 38, 41. An exhibit's silence about events it does not record contradicts nothing, much less incontrovertibly. And where the transcript does speak, it corroborates the SAC: it shows the presiding commissioner announcing before the closed session that he did not see the Commission moving forward, a second commissioner concurring before any review of the workbook, and the decision itself removed from the public record into a closed session convened to deliberate. Tr. 15-16, 23-24; see ECF No. 38, Part IV.

11. The did-not-participate argument answers a theory the SAC does not plead. Bernegger's stigma-plus claim has never rested on his physical attendance at a hearing; it rests on public governmental discrediting of his specifically identified work product, combined with the contemporaneous denial of the adjudicatory process convened on submissions he co-authored. That is the established framework. *Paul v. Davis,* 424 U.S. 693, 708-09, 711 (1976) (defamation

combined with alteration of a right or status previously recognized); *Doyle v. Camelot Care Ctrs., Inc.,* 305 F.3d 603, 617 (7th Cir. 2002); *Doe v. Purdue*, 928 F.3d at 661-63 (stigma-plus adequately pleaded at the motion-to-dismiss stage). Reputational injury is itself a concrete Article III injury. *TransUnion LLC v. Ramirez,* 594 U.S. 413, 425 (2021) (identifying reputational harms as chief among concrete intangible injuries).

III. Tahlequah and Rivas-Villegas Do Not Alter the Qualified Immunity Analysis.

12. The Reply's new authorities are per curiam reversals in Fourth Amendment excessive-force cases, and both state that their demand for case-specific precedent is especially important in the Fourth Amendment context, where officers confront split-second factual judgments. *City of Tahlequah v. Bond,* 595 U.S. 9, 12 (2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)); *Rivas-Villegas v. Cortesluna,* 595 U.S. 1, 5-6 (2021). They say nothing about adjudicatory bias, and commissioners presiding over a scheduled statutory hearing face no split-second exigency.

13. Defendants continue to define the right at the wrong level. The right the SAC pleads is not an entitlement to any outcome under Wis. Stat. section 6.50(3); it is the right, once the government convenes a formal adjudicatory hearing, to a decisionmaker who has not predetermined the result. That right has been clearly established for decades. *Withrow*, 421 U.S. at 46-47; *Ciechon,* 686 F.2d at 517; *Levenstein,* 164 F.3d at 351; *Ryan,* 185 F.3d at 762; cf. *Prude v. Meli,* 76 F.4th 648, 660 (7th Cir. 2023) (no reasonable official could believe that predetermining the outcome of a hearing, no matter how that is accomplished, is consistent with due process). Officials have fair warning even in novel factual circumstances, *Hope v. Pelzer,* 536 U.S. 730, 741 (2002), and no factually identical precedent is required where the violation is obvious, *Taylor v. Riojas,* 592 U.S. 7, 8-9

(2020) (per curiam).

14. Posture matters as well: a complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds, because plaintiffs have no obligation to anticipate and overcome the defense in their complaint. *Hanson v. LeVan,* 967 F.3d 584, 597 (7th Cir. 2020).

IV. The Reply's Comparator Argument Answers an Allegation the SAC Does Not Make.

15. The Reply asserts that the SAC compares Plaintiffs, private citizens, to a federal agency, the Postal Service. Reply at 11-12. The SAC pleads a different comparison: the Commission's own routine reliance on USPS-derived address information, returned election mail, and postal data in its internal list-maintenance operations without any affidavit or beyond-a-reasonable-doubt burden, contrasted with its treatment of the same category of USPS-derived information when Plaintiffs submitted it. SAC paragraphs 155-158. The comparison is between the Commission's treatment of like information through two channels, not between Plaintiffs and the Postal Service.

16. At the pleading stage, where the pattern and nature of the alleged conduct themselves demonstrate an improper purpose, a rigid comparator showing is not required. *Geinosky v. City of Chicago,* 675 F.3d 743, 747-48 (7th Cir. 2012); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (per curiam). *Reget v. City of La Crosse,* 595 F.3d 691 (7th Cir. 2010), on which the Reply relies, was decided on summary judgment, not the pleadings. The count is in any event pleaded in the alternative. SAC paragraph 159.

V. Corrections and the Derivative Conspiracy Argument.

17. Two citation corrections. The Reply twice cites Wis. Stat. section 9.325 for the beyond-a-reasonable-doubt standard. Reply at 8, 9. No such section exists; chapter 9 contains only sections 9.01, 9.10, and 9.20, and the standard appears in Wis. Stat. section 6.325. The conspiracy case the

## V. Corrections and the Derivative Conspiracy Argument.

17. Two citation corrections. The Reply twice cites Wis. Stat. section 9.325 for the beyond-a-reasonable-doubt standard. Reply at 8, 9. No such section exists; chapter 9 contains only sections 9.01, 9.10, and 9.20, and the standard appears in Wis. Stat. section 6.325. The conspiracy case the

Reply cites, *Daugherty v. Harrington,* No. 17-3224, is reported at 906 F.3d 606 (7th Cir. 2018) (captioned *Daugherty v. Page* in the Federal Reporter); it applies the two-element conspiracy standard of *Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015), and reinstated the plaintiff's retaliation claim in relevant part. 906 F.3d at 609-610, 612. Because Counts I through IV survive for the reasons above and in ECF No. 38, the Reply's purely derivative conspiracy argument, Reply at 12, fails with them.

18. Finally, the Reply's caption adds Defendant Paulina Gutierrez. Gutierrez did not join the May 28, 2026 motion, which was filed before she was served on June 4, 2026 (ECF No. 39), and a reply caption cannot enlarge the motion's reach. See ECF No. 38, Part XI.

19. For these reasons and those stated in ECF No. 38, Defendants' motion to dismiss should be denied. In the alternative, any dismissal should be without prejudice.

Dated this 4th day of July, 2026.

Joseph Nolan, Plaintiff
2909 South 52nd Street
Milwaukee, Wisconsin 53219
414-639-0736
Jnolan5@wi.rr.com

Justin Gavery, Plaintiff
730 North Plankinton Avenue, Unit C4
Milwaukee, Wisconsin 53203
408-858-4527
justin_gavery@yahoo.com


Peter Bernegger, Plaintiff
1806 Brynwood Trace
New London, Wisconsin 54961
920-551-0510
pmbmap123@gmail.com


Dated this 4th day of July, 2026